In re MAKO, INC., Debtor.

**RETAIL MARKETING CORPORATION,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

No. CIV 91–312–C.

United States District Court,
E.D. Oklahoma.

Oct. 2, 1991.

See also 127 B.R. 471, 127 B.R. 474.

Shirley D. Peterson, Joseph Raymond, Tax Div., Dept. of Justice, Washington, D.C., John Raley, U.S. Atty., Muskogee, Okl., for defendant.

Kenneth Mather, Tulsa, Okl., for plaintiff.

ORDER

H. DALE COOK, District Judge.

The United States of America, through its agency, the Internal Revenue Service

("IRS"), appeals from an order of the Bankruptcy Court for the Eastern District of Oklahoma, claiming that court erred in its determination of the amount of the IRS's secured claim. The IRS objects to the bankruptcy court's classifying a portion of its claim attributable to penalties on unpaid taxes as unsecured.

▮ Jurisdiction of this appeal is based on 28 U.S.C. § 158(a). No questions of fact are present. The bankruptcy court's characterization of the IRS' claim is a conclusion of law, which this Court reviews *de novo. In re Davidovich,* 901 F.2d 1533, 1536 (10th Cir.1990).

The IRS claims it is due a total amount of $358,963.22, comprised of $280,296.70 owed by the debtor for unpaid taxes, interest due thereon in the amount of $22,771.42 and penalties in the amount of $55,895.03. The IRS' claim is based upon a centrally perfected notice of federal tax lien filed against the debtor on January 25, 1988.

RMC filed a plan for reorganization of the debtor's business. The IRS objected to that plan's treatment of its secured claim. The plan of reorganization was amended to provide for a post-confirmation determination of the secured amount of the IRS' claim against the debtor's estate. The plan also recognized a "Disputed Secured Claim" in favor of the IRS that, if determined to be an "Allowed Secured Claim" or an "Allowed Tax Claim" should be paid by RMC as an Allowed Tax Claim. The plan provided in paragraph 5.03(a) that Allowed Tax Claim were to be paid in six annual installment at 6% rate of interest. After these amendments were made to the plan, the IRS withdrew its objection, and the plan was confirmed on August 23, 1989.

▮ The Bankruptcy court's order of April 23, 1991 made the post-confirmation determination of the IRS' disputed secured claim. That court found that the IRS' claim was secured in the amount of $303,-068.19, but that the penalty portion of the IRS' claim ($55,895.03) was not entitled to treatment as a secured or priority claim. The bankruptcy court looked to 11 U.S.C. § 507(a)(7)(G), which accords a nonpriority status to tax penalties deemed to be puni-

tive and not in "compensation for actual pecuniary loss." The bankruptcy court then determined that the IRS' penalty was assessed for delinquent taxes and therefore was presumed to be for a non-pecuniary loss.

On appeal, the IRS argues that, having found its claim to be secured, the bankruptcy court should not then have applied § 507(a)(7), which assigns priorities among *unsecured* claims, to the penalty portion of the IRS' secured claim.

Although the bankruptcy court's order did not refer to 11 U.S.C. § 510(c)(1), the Court believes that subsection is applicable here. Section 510(c)(1) provides that

> the court may—under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim....

Several recent decisions have found that tax penalties may be subordinated, pursuant to § 510(c)(1) to unsecured claims. *See, e.g. In the Matter of Virtual Network Services Corp.,* 902 F.2d 1246 (7th Cir. 1990); *Schultz Broadway Inn v. U.S.,* 912 F.2d 230 (8th Cir.1990). These decisions did not refer to § 507(a)(7)(G) in determining that the tax penalties should be subordinated. The Court finds persuasive the Eighth Circuit's reasoning for subordinating the tax penalties.

> [T]he general unsecured creditors who suffered actual losses should receive preference over the Government's claim for a non-pecuniary loss tax penalty in this liquidating chapter 11. Certainly this accords with the legislative history of the Bankruptcy Reform Act, which generally prefers claims for actual losses over purely punitive claims.

*Schultz Broadway Inn v. U.S.,* 912 F.2d at 234.

The present bankruptcy case is also a liquidating chapter 11 reorganization, and the majority of the IRS' claim has been deemed secured and will receive payment under the reorganization plan. It is unlikely that any of the unsecured claims against the debtor here will see payment.

Section 510(c)(1) permits a part of a claim to be subordinated. Secured claims may be subordinated under § 510(c)(1). *See 3 Collier on Bankruptcy* ¶ 510.05[1] (1991). Although this Court considers that § 510(c)(1) offers a better route to achieve the same result, the Court finds no error in the result reached by the bankruptcy court in denying a secured or priority status to that part of the IRS' claim comprised of assessed tax penalties.

For the reasons set forth above, the Order of the Bankruptcy Court for the Eastern District of Oklahoma is hereby AFFIRMED.

IT IS SO ORDERED.