99 F.3d 1150
 78 A.F.T.R.2d 96-6791, 97-1 USTC P 50,166
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: MAKO, INC., Debtor,
RETAIL MARKETING COMPANY, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 91-7127.
 (D.C.No. CV-91-312-C)
United States Court of Appeals, Tenth Circuit.
 Oct. 17, 1996.
 
 1
 Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 The United States, through its agency, the Internal Revenue Service (IRS), appeals from the district court's order which subordinated the penalty portion of IRS's secured claim against Mako, Inc (debtor), to the claims of general creditors. See Retail Marketing Corp. v. United States (In re Mako, Inc.), 135 B.R. 902 (Bankr.E.D.Okla.1991). The district court's order affirmed an order of the bankruptcy court which achieved a similar result by denying secured status to the penalty portion of the IRS's claim. Thus, this appeal presents us with two issues: (1) whether the penalty portion of the IRS's claim was secured, and (2) whether it should have been subordinated to the claims of general unsecured creditors.
 
 
 4
 In reviewing a district court's decision affirming the decision of a bankruptcy court, this court applies the same standards of review which governed the district court. United States v. Berger (In re Tanaka Bros. Farms, Inc.), 36 F.3d 996, 998 (10th Cir.1994). The bankruptcy court's findings of fact will be rejected only if clearly erroneous. Gillman v. Scientific Research Prods. Inc. (In re Mama D'Angelo, Inc.), 55 F.3d 552, 555 (10th Cir.1995). Its conclusions of law, however, are reviewed de novo. Davidovich v. Welton (In re Davidovich), 901 F.2d 1533, 1536 (10th Cir.1990). We review the bankruptcy court's interpretation of the terms of debtor's liquidation plan de novo as a question of law. Cf. Dais-Naid, Inc. v. Phoenix Resource Cos. (In re Texas Int'l Corp.), 974 F.2d 1246, 1247 (10th Cir.1992)(reorganization plan).
 
 
 5
 The penalty at issue here is claimed as part of a federal tax lien for unpaid employment and excise taxes. The IRS filed its lien pre-petition against the debtor. After the debtor filed Chapter 11 bankruptcy, the IRS timely filed an initial and supplemental claim for classification and treatment as a secured creditor. Its claim asserted taxes due of $280,296.70, penalties of $55,895.03, and interest of $22,771.42, for a total secured claim of $358,963.22.
 
 
 6
 The debtor entered into a pre-confirmation stipulation and cash collateral order with the IRS, in which it acknowledged the IRS's secured status and granted the IRS a lien on post-petition cash collateral with the same priority as the IRS enjoyed at the time debtor filed its petition for relief. Appellee Retail Marketing Company (RMC) thereafter proposed a plan of liquidation (Plan) which called for the transfer of virtually all of debtor's assets to RMC and the creation of a liquidating trust funded by a cash payment from RMC of $2.77 million.
 
 
 7
 The IRS objected to the Plan, because it did not recognize its secured claim. The Plan was thereafter modified to provide for post-confirmation determination of the secured amount of IRS's claim. RMC added Paragraph 5.03(b), which provides as follows:
 
 
 8
 The Plan shall recognize a Disputed Secured Claim in favor of the Internal Revenue Service in the amount of $358,963.22. RMC shall dispute all or part of such Secured Claim, post-Confirmation. In the event any or all of such amount is determined by a Final Order to be an Allowed Secured Claim, such Allowed Secured Claim (and any portion of the Disputed Claim determined to be an Allowed Tax Claim) shall be paid by RMC in the same manner as provided for the payment of Allowed Tax Claims hereunder. Any estate asset, or the proceeds thereof, acquired by RMC which secured an Allowed Secured Claim of the Internal Revenue Service on the Petition Date shall continue to secure such claim, to the extent provided by the Code.
 
 
 9
 Appellant's App. Vol. I at 16-17.
 
 
 10
 The IRS withdrew its objection to the Plan. After the Plan was confirmed, RMC filed an adversary proceeding to determine the nature, extent and priority of the IRS's secured claim. The bankruptcy court determined that the IRS had a secured claim for unpaid taxes and interest. It denied secured status to the penalty portion of the IRS's claim, however, reasoning that since the penalty was not "in compensation for actual pecuniary loss," it should not be given priority under former 11 U.S.C. § 507(a)(7)(G).[1] The district court, while not expressly rejecting the bankruptcy court's analysis, found that the same result was better reached by equitably subordinating the penalty portion of the IRS's claim to the claims of general, unsecured creditors under 11 U.S.C. § 510(c)(1). Retail Marketing Corp., 135 B.R. at 903-04.
 
 
 11
 11 U.S.C. § 506(a) provides criteria for determining the extent to which a creditor's claim is secured. It states, in pertinent part, that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim." Here, the property of the estate subject to the IRS's tax lien exceeds the amount of its claim. The IRS therefore concludes that the entire liability due it, including penalties, should have been treated as a "secured claim" under § 506(a).
 
 
 12
 RMC contends, however, that in consenting to paragraph 5.03(b) of the Plan and withdrawing its objection, the IRS agreed to have its secured claim treated as a priority unsecured claim, subject to the priorities contained in 11 U.S.C. § 507(a). RMC does not explain why the IRS would voluntarily have abandoned its secured claim in favor of an unsecured priority claim. Having analyzed the terms of the Plan, we conclude that it did not.
 
 
 13
 Paragraph 5.03(b) of the Plan provides that in the event the Disputed Secured Claim in favor of the IRS was determined by a final order to be an allowed secured claim, the allowed secured claim would "be paid by RMC in the same manner as provided for the payment of Allowed Tax Claims hereunder." Appellant's App., Vol. I at 17. RMC reasons that since Allowed Tax Claims are defined in the Plan as Tax Claims which are Allowed Claims, and Tax Claims are defined as claims which, if allowed, would be entitled to priority under 11 U.S.C. § 507(a)(7), the IRS's secured claim is actually an unsecured claim entitled to § 507(a)(7) priority.
 
 
 14
 Paragraph 5.03(b) of the Plan, however, merely provides that the Disputed Secured Claim, once determined to be an Allowed Secured Claim, would be paid in the same manner as an Allowed Tax Claim, not that it would become an unsecured, Allowed Tax Claim. RMC's position is inconsistent both with the prerequisite in paragraph 5.03(b) that the disputed secured claim be recognized as an Allowed Secured Claim before being paid as an Allowed Tax Claim, and with the bankruptcy court's actual recognition of the tax and interest portions of the IRS's claim as a secured claim, rather than an unsecured priority claim.
 
 
 15
 The actual meaning of the phrase "paid ... in the same manner as provided for the payment of Allowed Tax Claims hereunder" seems clear in light of the remaining Plan provisions. Allowed Tax Claims, under the Plan, are to be paid over a period of six years, whereas Allowed Secured Claims are paid over a period of twelve years. Appellant's App., Vol. I at 12, 16. The bankruptcy court's treatment of the penalty portion of the IRS's claim as an unsecured claim is inconsistent with the terms of the Plan, and must be reversed.
 
 
 16
 As an alternative basis for affirmance, RMC contends that the district court properly subordinated the penalty portion of the IRS's claim to the claims of general creditors. 11 U.S.C. § 510(c) allows the bankruptcy court, under principles of equitable subordination, to subordinate all or part of an allowed claim to all or part of another allowed claim. Secured as well as unsecured claims may be subordinated. See 3 William M. Collier, Collier on Bankruptcy p 510.05 (Lawrence P. King, ed., 15th ed.1996)(footnote omitted). Although the district court found no wrongdoing or inequitable conduct on the part of the IRS, it subordinated the penalty portion of its claim to the claims of general creditors.
 
 
 17
 In two recent cases, the United States Supreme Court has rejected the notion that a bankruptcy court may equitably subordinate claims on a categorical basis. See United States v. Reorganized CF & I Fabricators of Utah, Inc., 116 S.Ct. 2106, 2115 (1996); United States v. Noland, 116 S.Ct. 1524, 1528 (1996). Although the Court has not decided whether a bankruptcy court must always find creditor misconduct before a claim may be subordinated, it has held that "the circumstances that prompt a court to order equitable subordination must not occur at the level of policy choice at which Congress itself operated in drafting the Bankruptcy Code." Noland, 116 S.Ct. at 1528.
 
 
 18
 The district court found persuasive the Eighth's Circuit's reasoning for subordinating nonpecuniary tax penalties to general unsecured claims: "[T]he general unsecured creditors who suffered actual losses should receive preference over the Government's claim for a non-pecuniary loss tax penalty in this liquidating chapter 11. Certainly this accords with the legislative history of the Bankruptcy Reform Act, which generally prefers claims for actual losses over purely punitive claims." Schultz Broadway Inn v. United States, 912 F.2d 230, 234 (8th Cir.1990). This reasoning, however, is at the level of a policy choice and cannot substitute for Congressional policy, codified in the Bankruptcy Code, by which tax claims receive secured status where a notice of federal tax lien has been filed. See 1A Collier at p 11.04.
 
 
 19
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED for further proceedings in accordance with this order and judgment.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 Former subsection (a)(7) was renumbered as subsection (a)(8) by the Bankruptcy Reform Act of 1994, Pub.L. 103-394, § 304(c)(2), 108 Stat. 4106, 4132. Since this case was filed before the effective date of the amendment, we continue throughout this order and judgment to refer to the statute as formerly numbered